## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRED J. DE LA COTERA, D.D.S., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) ) | **CLASS ACTION** |
| EASTERN PPE IMPORTS, LLC, | ) ) | |
| Defendant. | ) | |

### CLASS ACTION COMPLAINT

Plaintiff, FRED J. DE LA COTERA, D.D.S., ("Plaintiff"), through his attorneys, brings this action on behalf of himself and all others similarly situated and, except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, EASTERN PPE IMPORTS, LLC ("Defendant"):

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of sending "unsolicited advertisements" by facsimile.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JPFA"), 47 USC § 227 (here after "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      On or about June 16, 2020, Defendant sent Plaintiff an unsolicited fax advertisement in violation of the TCPA ("the Fax"), a true and correct copy of which is attached

hereto as <u>Exhibit A</u> and made a part hereof. The Fax offers a sale on Defendant's NIOSH certified N95s. (Exhibit A).

4.      Upon information and belief, Defendant has sent, and continues to send, the Fax and other facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the TCPA.

5.      Unsolicited faxes damage their recipients. The recipient of an unsolicited fax (junk fax) loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. Unsolicited faxes intrude into the recipient's seclusion, violates the recipient's right to privacy, occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

6.      Plaintiff, on behalf of himself and all others similarly situated, brings this case as a class action asserting claims against Defendant under the TCPA. Plaintiff seeks to certify a class which were sent the Fax and other unsolicited fax advertisements that were sent without prior express invitation or permission and without compliant opt-out language (to the extent the affirmative defense of established business relationship is alleged). Plaintiff seeks statutory damages for each violation of the TCPA, injunctive relief, and attorneys' fees (under the conversion count).

7.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief

2

expressly authorized by the TCPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, and affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act in the event willfulness in violating the TCPA is shown.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

9.      This Court has personal jurisdiction over Defendant because Defendant transacts business within this judicial district, have made contacts within this judicial district, and/or has committed tortious acts within this judicial district.

## PARTIES

10.      Plaintiff, FRED J. DE LA COTERA, D.D.S., is an Illinois resident.

11.      On information and belief, Defendant, EASTERN PPE IMPORTS, LLC, is a Delaware limited liability company with its principal place of business in Newark, Delaware.

## FACTS

12.      On information and belief, Defendant is a for-profit company that sells N95 respirators.

13.      On or about June 16, 2020, Defendant sent an unsolicited facsimile to Plaintiff using a telephone facsimile machine, computer, or other device.  *See* Exhibit A.

14.      The June 16, 2020 Fax states in part the following:

"…**3-Day Sale on NIOSH certified N95 Respirators**:

- 5-piece packs $5.00 per respirator (Save $10/pack)
- 20-piece packs $5.49 per respirator (Save $50/pack + free USPS shipping)
- 400-piece packs are **$4.99 per respirator (Save $1,200 + free FedEx shipping)**…"

Exhibit A.

15. The Fax advertises the commercial availability and quality of Defendant's NIOSH certified N95 respirators.

16. Plaintiff did not give "prior express invitation or permission" to Defendant to send the Fax.

17. On information and belief, Defendant faxed the same and other unsolicited facsimile advertisements without prior express permission or invitation and without compliant opt-out language to Plaintiff and at least 40 other recipients.

18. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized fax advertisements. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

19. Defendant's facsimiles attached as Exhibit A do not display a proper opt-out notice as required by 47 C.F.R. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

20. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, (4) with whom Defendant did not have an established business relationship, and (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4).

4

Excluded from the Class are Defendant, its members, managers, employees and agents, and members of the Judiciary. Plaintiff seeks to certify a class which includes but is not limited to the fax advertisements sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

21.     Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty. The precise number of class members and their identities are unknown to Plaintiff but will be obtained from Defendant's records or the records of third parties.

22.     Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a)     Whether the Fax and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

(b)     Whether Defendant meets the definition of "sender" for direct TCPA liability;

(c)     Whether Defendant had prior express invitation or permission to send Plaintiff and the class fax advertisements;

(d)     Whether the Fax and other faxes sent during the class period contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(e)     Whether Defendant should be enjoined from faxing advertisements in the future;

(f)     Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(g)     Whether the Court should award treble damages.

23.     <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>:  Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or other faxes as the fax advertisements sent by or on behalf of Defendant during the Class Period.  Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute.  Defendant has acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or other faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

24.     <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>:  Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

25.     <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>:  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)     Proof of Plaintiff's claims will also prove the claims of the class without the need for separate or individualized proceedings;

(b)      Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)      Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)      The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e)      This case is inherently manageable as a class action in that:

(i)      Defendant identified persons to receive the fax transmissions and it is believed that Defendant's and/or Defendant's agents' business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)      Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii)      Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)      A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v)      A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi)     As a practical matter, the claims of the class are likely to go

unaddressed absent class certification.

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq.***

26.     Plaintiff brings this case on behalf of himself and a class of similarly-situated

persons.

27.     The TCPA makes it unlawful for any person to "use any telephone facsimile

machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

28.     The TCPA defines "unsolicited advertisement" as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's prior express invitation or permission, in writing or otherwise."

47 U.S.C. § 227 (a) (5).

29.     **Opt-Out Notice Requirements.** The TCPA as amended by the JFPA

strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §

(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous

notice on the first page of the transmission that contains the following among other things

(hereinafter collectively the "Opt-Out Notice Requirements"):

(1)     A statement that the recipient is legally entitled to opt-out of receiving

future faxed advertisements – knowing that he or she has the legal right to request an opt-

out gives impetus for recipients to make such a request, if desired;

(2)     A statement that the sender must honor a recipient's opt-out request within

30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to

opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

      (3)     A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

      (4)     The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses, giving them the right, and means, to stop unwanted fax advertisements.

    30.    **2006 FCC Report and Order.** The TCPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the TCPA, including the TCPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

      A.     The definition of, and the requirements for, an established business relationship (EBR) for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established

business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

      B.    The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act, and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16); and

      C.    The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act, and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements cannot claim the exemption from liability contained in § (b)(C)(1) of the Act.

31.    **The Fax**. On or about June 16, 2020 Defendant sent the Fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted an advertisement under the Act and the regulations implementing the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the Faxes. The Faxes were transmitted to persons or entities without their prior express invitation or permission and Defendant is precluded from sustaining the EBR safe harbor with Plaintiff and other members of the class, because of the failure to comply with the Opt-Out Notice Requirements. By virtue

thereof, Defendant violated the TCPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class. Plaintiff seeks to certify a class which includes this Fax and all others sent during the four years prior to the filing of this case through the present.

32.     **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the TCPA and its implementing regulations that were transmitted to persons or entities without their prior express invitation or permission and without complying with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

33.     The TCPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

34.     Although the TCPA is a strict liability statute, Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

35.     Defendant knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for Defendant or anybody else to fax advertisements promoting goods or services to be bought or sold; (b) Defendant transmitted advertisements; and (c) the Fax and other faxes sent by Defendant did not contain the required Opt-Out Notice.

36.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused Plaintiff and the other recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes occupied Plaintiff's and the other class members' telephone lines and fax machines. Defendant's faxes cost Plaintiff and the other class members time, as Plaintiff and the other class members and their employees wasted their time receiving, reviewing, and routing Defendant's unauthorized faxes. That time otherwise would have been spent on Plaintiff's and the other class members' business or personal activities.  Defendant's faxes intruded into Plaintiff's and other class members' seclusion and violated their right to privacy, including their interests in being left alone.  Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

WHEREFORE, Plaintiff, FRED J. DE LA COTERA, D.D.S., individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, EASTERN PPE IMPORTS, LLC, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the predicated acts constituting the violations are deemed "willful or knowing";

C.     That Court enjoin Defendant from additional violations; and

D.     That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

Respectfully submitted,

FRED J. DE LA COTERA, D.D.S., individually and as the representative of a class of similarly-situated persons

By: /s/ Ryan M. Kelly
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501
rkelly@andersonwanca.com

**EXHIBIT A**

Case: 1:20-cv-05101 Document #: 1 Filed: 08/31/20 Page 15 of 15 PageID #:15



Dr. Ralph Cress, DDS
7714 W North Ave
Elmwood Park, IL 60707

June 16, 2020

Dear Dr. Ralph Cress, DDS,

Protect yourself, your staff, and your clients. We have **NIOSH certified N95s** **in stock NOW**. These are *not to be confused* with other supplier's inferior "whitelisted" KN95s which allow up to 8% unfiltered inward air-leakage!

*All our N95s are NIOSH certified, CDC registered, OSHA compliant, and verifiable with the Centers for Disease Control--Device Registration Number: TC-84A-6973.*

# 3-Day Sale on NIOSH certified N95 Respirators:

- 5-Piece packs $5.99 per respirator (Save $10/pack)
- 20-Piece packs $5.49 per respirator (Save $50/pack + free USPS shipping)
- 400-Piece packs are **$4.99 per respirator (Save $1,200 + free FedEx shipping)**
  (Applies to in-stock items only, NO ORDER LIMITS! Only while supplies last. Sale ends June 18ᵗʰ, 2020)

## Place your order at www.EASTERNPPEIMPORTS.com

Feedback we have received from fit testing is that our N95s are much more comfortable and fit most women better than other designs! Thank you for your time and please feel free to reach out to me with any questions at mike@easternppeimports.com or 302-294-2365.

Best regards,

*Mike*

Mike Evans, Business-to-Business Sales
Eastern PPE Imports, LLC
Mike@easternppeimports.com

P.S. Even *level 1, 2, and 3 masks are not respiratory protection*, according to ASTM: "...[level 1, 2, and 3 masks] are evaluated only as an article of protective clothing...does not ensure the wearer will be protected against biological aerosols...If respiratory protection for the wearer is needed, a NIOSH certified respirator should be used." -ASTM F2101-19 paragraph 1.4 full text available free at www.astm.org

Eastern PPE Imports, LLC | 200 Continental Dr | Newark, DE 19713 | 302-294-2365

You're welcome to opt-out of future fax-communications by calling toll-free 844-202-4876